CHRISTMAN, Respondent, vs. CHRISTMAN, Executor, and others, Appellants.

*May 5—May 23, 1916.*

*Life insurance: Married woman as beneficiary: Vested interest: Change of beneficiary, how made: Divorced wife.*

1. Under sec. 2347, Stats. 1915, a married woman who is made the beneficiary in a life insurance policy takes a vested interest therein subject to be divested in the manner reserved in the policy contract and not otherwise.

2. Thus, where the right reserved in the policy to change the beneficiary could be exercised only by giving written notice to the company during the continuance of the policy, the insured could not without having given such notice dispose of the policy by will.

3. The vested right acquired by a wife when she is made the beneficiary in a life insurance policy is not divested by a subsequent divorce from the insured.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action to determine who is entitled to the proceeds of an insurance policy of $2,000 on the life of Farmer W. Christman, deceased. On or about December 28, 1901, the deceased insured his life in the New York Life Insurance Com-

pany, making the policy payable to *Emily M. Christman,* his wife.    The policy contained the following clause:

"The insured, having reserved the right, may change the beneficiary or beneficiaries at any time during the continuance of this policy by written notice to the company, at the home office, provided this policy is not then assigned."

No change of beneficiary was ever made on the policy.    On or about the 25th of January, 1913, *Emily M. Christman* instituted divorce proceedings against her husband and was granted a decree on March 12, 1913.    Farmer W. Christman died on the 14th of November, 1913, leaving a will, dated the same day, in which he bequeathed the proceeds of the policy to Harmon A. Christman, *Vivian Sweet, Blanche Sweet,* and *Harrison E. Christman.*    The will was admitted to probate December 6, 1913, and *Harrison E. Christman* qualified as executor thereof.    Proofs of the death of Farmer W. Christman were approved by the New York Life Insurance Company on April 11, 1914, and the company was then notified by *Harrison E. Christman,* as executor, and by his attorney not to pay the proceeds of the policy to the plaintiff, *Emily M. Christman.*    After the commencement of this action the New York Life Insurance Company paid the amount of the policy into court and was discharged from liability thereon. Upon these facts the court entered judgment in favor of plaintiff, and the defendants appealed.

*Charles E. Pierce,* for the appellants.

For the respondent the cause was submitted on the brief of *Thos. S. Nolan.*

VINJE, J.    Under the provisions of sec. 2347, Stats. 1915, and the construction given it on the rehearing in *Nat. L. Ins. Co. v. Brautigam, ante,* p. 270, 157 N. W. 782, when the insured made his wife the beneficiary she took a vested interest in the policy, subject to be divested in the manner reserved in the policy contract and not otherwise.    The only method

of change reserved was by written notice to the company during the continuance of the policy. No such notice was ever given the company. On the other hand, the insured sought to dispose of the policy by will, which, were it not for the vested interest his wife had in the policy by virtue of the statute, he might have done. *Clark v. Durand,* 12 Wis. 223; *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948; *Meggett v. Northwestern Mut. L. Ins. Co.* 138 Wis. 636, 120 N. W. 392; *Armstrong v. Blanchard,* 150 Wis. 31, 136 N. W. 145.

But since the statute divested the insured of all rights in the policy except those specifically reserved, he was limited to the terms of such reservation in making an effectual disposition of it. Not having exercised the power reserved, he could not dispose of the policy in any other manner. In the *Brautigam Case* the change of beneficiary was made pursuant to the reservation and was therefore sustained as a valid exercise of the power reserved.

Since the wife took a vested interest in the policy at the time she was made a beneficiary, which interest could be divested only in the manner reserved in the policy contract, it becomes unnecessary to determine whether or not she sustained the status of wife for one year after the decree of divorce was granted. Conceding that she did not sustain such status, the policy would still belong to her because her interest therein had not been effectually divested.

*By the Court.*—Judgment affirmed.