SPALDING, Administrator, Respondent, vs. WILLIAMS, Appellant.

*March 5—April 9, 1957.*

For the appellant there was a brief by *Field, Rikkers & Brickhouse* and *John B. Brickhouse,* all of Madison, and oral argument by *John B. Brickhouse.*

For the respondent there was a brief by *Rogers & Owens* of Portage, and oral argument by *Phillip Owens.*

MARTIN, C. J.  Doris Williams and Raymond Spalding were married August 17, 1950.  Doris, then a minor, brought nothing but her clothes and a few personal effects; she earned nothing during the three years of the marriage.  In September, 1953, the property of the parties, having a value of $950, consisted of an equity in a home, an automobile, a camera, the two life insurance policies, household items, and savings, and their personal effects.  The two insurance policies, acquired by Raymond before the marriage, were each in the amount of $1,000.  Upon the marriage he named his wife beneficiary.  On the New York Life policy Charles Spalding, Raymond's father, was contingent beneficiary.  Both policies provided for double indemnity in case of accidental death and both policies reserved to the insured the right to change the beneficiary upon notification to the company in writing.

On September 25, 1953, the parties were divorced in an action commenced by Raymond.  A stipulation was entered into for the division of property and incorporated into the judgment of divorce in the following language:

"That as a full, final, and complete settlement of property between the parties, in lieu of alimony to either of them, the defendant be, and she is hereby awarded her clothes and personal effects and the dresser she brought to the home of the parties upon their marriage and the plaintiff be, and he is hereby awarded, all the rest of the property and the plaintiff shall pay the indebtedness to Charles Spalding, Bremner

Auto Company, and Sears Roebuck, together with the sum of six hundred twenty-five ($625) dollars to the defendant. Such payment of six hundred twenty-five dollars ($625) shall be made immediately upon the entry of this judgment whereupon the defendant shall execute and deliver to the plaintiff a quitclaim deed of the homestead of the parties. The parties shall each pay their own attorneys' fees and the plaintiff shall pay the clerk's fees. Neither shall have alimony."

No specific mention of the insurance policies, or of any of the property awarded to the husband (with the exception of the reference to the homestead), was made in the stipulation. Appellant executed and delivered her quitclaim deed of the home, accepted the cash and personal items awarded to her in the judgment, and made no claim to the insurance policies or any other items owned by the parties.

Raymond Spalding died on October 11, 1953, as the result of injuries received in an automobile accident the previous day. His father testified that Raymond had kept the insurance policies in a folder at his, the father's, home and on the day before the accident Raymond took them with him. They were found in the glove compartment of his car after the accident; the named beneficiary had not been changed. Releases were sent to Doris, through her attorney in the divorce action, for the release of any claims under the policies and assignment of their proceeds to Charles Spalding, but she refused to execute them. Thereafter this action was commenced.

Appellant's main contention and the basis of her appeal, both from the order and from the judgment, is that the only way in which a wife may be divested of her interest in her husband's life insurance policies is by change of beneficiary in accordance with the terms of the policies.

It has been held that under sec. 246.09, Stats., a married woman named beneficiary in the life insurance policy of her

husband takes a vested interest in the policy subject to be divested only in the manner reserved in the policy. *Christman v. Christman* (1916), 163 Wis. 433, 157 N. W. 1099; *Hott v. Warner* (1954), 268 Wis. 264, 67 N. W. (2d) 370.

In the *Christman Case* the husband owned a policy in which his wife was the named beneficiary and which provided for change of beneficiary upon written notice to the company; the parties were divorced and eight months later the husband died leaving a will in which he bequeathed the proceeds of the policy to persons other than the wife. This court held that the husband's attempt to dispose of the proceeds by will failed because "he was limited to the terms of such reservation in making an effectual disposition" thereof.

In *Hott v. Warner, supra,* when the parties were divorced a stipulation for the division of property recited that the wife would make no claim "in connection with any and all other property that *he* may own." The court stated (p. 266):

"He had no interest whatever in her property in the policy. Accordingly her stipulation cannot be said to affect any property which 'he may own.' "

Here, the property stipulation incorporated in the judgment of divorce provided that "As a full, final, and complete settlement of property between the parties," Doris was awarded specified personal effects and $625, and Raymond was awarded "all the rest of the property." It must be presumed that the property with which the judgment dealt was all such property as is subject to the court's authority under sec. 247.26, Stats.:

". . . the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly, . . ."

It is obvious that "so much of the estate of the wife as shall have been derived from the husband" includes the wife's interest in her husband's life insurance policies, since she acquires it through his act of naming her as beneficiary and retains it only so long as he does not exercise his right to change the beneficiary if, as here, he reserves that right in the policy.

Appellant makes the following argument on the basis of the provisions of sec. 247.35, Stats.: "Since the court has no jurisdiction to dispose of the wife's property without her consent, it must be concluded that the parties were contracting concerning the husband's property alone." The section provides:

"No judgment nullifying a marriage or for a divorce of any kind shall in any way affect the right of a wife to the possession and control of her separate property, real or personal, *except as provided in this chapter; . . .*"

The wife having derived her interest in the policies from the husband, and such property of the wife being expressly placed within the jurisdiction of the court by sec. 247.26, Stats., the language "except as provided in this chapter" makes sec. 247.35 inapplicable. It is the judgment of the court which divided and distributed the property, divesting and transferring the title thereof; and when the court used the words "all the rest of the property" in the judgment, the phrase could only mean all that property which the court had the authority to divide. Under sec. 247.26 that included the insurance policies.

The rule of the *Christman Case, supra,* is that the only way the *insured* may divest his wife of her interest as beneficiary of his life insurance policy is by changing the beneficiary according to the policy terms. As stated on rehearing in *National Life Ins. Co. v. Brautigam* (1916), 163 Wis. 270, 274, 157 N. W. 782:

". . . the rule of the *Hilliard Case* [137 Wis. 208, 117 N. W. 999] should be adhered to; and that sec. 2347, Stats. 1915, should be held to permit *the insured,* where the right to change the beneficiary is reserved, to change the beneficiary though a married woman, in conformity with the terms of the reservation, but not otherwise." (Emphasis supplied.)

But that is not the only way the wife may be divested of her interest. Under certain circumstances she may divest herself (sec. 246.11, Stats.), and, as here, a court having jurisdiction of such property in a divorce action under sec. 247.26, may so divest her.

Appellant argues that it was error for the trial court to admit parol evidence to explain the phrase "all the rest of the property," since no ambiguity was shown. Any error in the admission of parol evidence is immaterial since the testimony admitted merely confirmed the presumption that all the property of the parties, including the policies, was dealt with in the divorce judgment. Doris testified only that she could not remember anything which was discussed about the property settlement.

It being our conclusion that the court effectually divested Doris of her interest in the policies pursuant to its authority under sec. 247.26, Stats., we deem it unnecessary to discuss at length appellant's argument with respect to Raymond's failure to change the beneficiary. It could be held that her interest was reinstated only under circumstances from which it could be inferred that Raymond intended she should receive the proceeds of the policies. Such an intention cannot be inferred from the facts presented. The situation in this case differs greatly from those in the cases cited by appellant, *Wolfe v. Jebe* (1943), 242 Wis. 650, 9 N. W. (2d) 124, and *Hott v. Warner, supra,* where the husband, for thirteen

years after the divorce in the *Wolfe Case* and for seven years in the *Hott Case,* neglected to exercise his right to change the beneficiary. In the instant case Raymond Spalding died sixteen days after the divorce was granted. Moreover, the evidence that he had removed the policies from the place where he kept them and put them in the glove compartment of his car compels the inference that he did so with the intention of changing the beneficiary.

The judgment is affirmed.

Appellant contends that the complaint was demurrable on the ground that it failed to allege that the beneficiary was changed according to the terms of the policies. We cannot agree. It alleged in effect that the policies were included in the property dealt with in the divorce judgment and since, as discussed above, the law permits a wife to be divested of her interest in such policies other than by change of beneficiary under the terms of the policies, the complaint stated a cause of action, apprising the appellant of the issues she would have to meet.

In view of our holding, it is unnecessary to discuss other questions raised on the appeal.

*By the Court.*—Order and judgment affirmed.