PRINCE, Plaintiff-Respondent, v. BRYANT, Defendant-Appellant.

Supreme Court

*Nos. 76–393, 76–394. Argued January 2, 1979.—Decided February 27, 1979.*
(Also reported in 275 N.W.2d 676.)

For the appellant there was a brief and oral argument by *Robert Michelson* of Racine.

For the respondent there was a brief by *Thomas J. Misfeldt, Robert E. Hankel* and *Schoone, McManus & Hanson, S. C.,* and oral argument by *Mr. Hankel,* all of Racine.

CONNOR T. HANSEN, J. The single issue in this case is whether the trial court abused its discretion in entering judgment in a summary judgment proceeding which imposed a constructive trust on the insurance proceeds for the benefit of decedent's widow because the decedent removed his wife as beneficiary while a tempo-

rary order of a family court commissioner was in effect and which had enjoined and restrained the parties from disposing of their property pending a divorce proceeding.

This litigation arises out of an unusual factual situation. Cleon and Marie Prince were married on June 4, 1971. No children were born of the marriage. Marie Prince, respondent, commenced a divorce action on May 20, 1974. While the divorce action was pending, on November 8, 1974, Cleon was fatally shot. At the time of his death it appears he was twenty-six years of age, and the respondent was thirty-three years of age.

In the trial court the validity of this marriage and the jurisdiction of the trial court were challenged because the marriage was entered into in Illinois during the six-month waiting period following the previous divorce of Marie Prince. This challenge is not made on appeal.

On May 30, 1974, the family court commissioner issued a temporary order which provided in part:

"(7) That both parties are hereby enjoined and restrained from disposing of or encumbering any or his or her or their property or removing any property out of this state."

Cleon was not represented by counsel at the hearing on the temporary order and the order did not specifically refer to any life insurance policies. At the time of the temporary order the deceased owned two life insurance policies and the respondent was the named beneficiary in both of them. One policy was carried through his employer. The other policy had been purchased by the deceased in July, 1970, before his marriage to the respondent, and his mother was originally named as beneficiary. Because of accidental death and double indemnity provisions of the policies the aggregate amount of the proceeds was $50,000.

Subsequent to the May 30, 1974, temporary order and prior to September 18, 1974, the deceased changed the named beneficiary of each policy from respondent to the appellant. On September 18, 1974, the respondent and Cleon entered into a property settlement stipulation in the then pending divorce proceeding. The stipulation provided for a division of the property of the parties and included the residence, two automobiles, household furnishings and personal effects, and a division of responsibility for payment of debts. The stipulation contained no provisions for payment of alimony and did not refer to the life insurance policies.

Cleon Prince died November 8, 1974, before further proceedings were had in the divorce action.

There is nothing in the record to indicate that either the respondent or the appellant knew Cleon had changed the name of beneficiaries in the two life insurance contracts prior to his death.

Since this case is before the court on appeal from a summary judgment the standard of review is whether the trial court abused its discretion in granting respondent's motion for summary judgment. This court can reverse the trial court's order only if the trial court incorrectly decided a legal issue or material facts are in dispute. *Am. Orthodontics Corp. v. G. & H. Ins.*, 77 Wis.2d 337, 341, 342, 253 N.W.2d 82 (1977).

". . . summary judgment is a drastic remedy and should not be granted unless the material facts are not in dispute, no competing inferences can arise, and the law that resolves the issue is clear. . . ." *Lecus v. American Mut. Ins. Co. of Boston,* 81 Wis.2d 183, 189, 260 N.W.2d 241 (1977).[1]

---

[1] See: *Wright v. Hasley,* 86 Wis.2d 572, 577, 273 N.W.2d 319 (1979).

A constructive trust is imposed by a court of equity to prevent unjust enrichment arising when one party receives a benefit the retention of which would be unjust as against the other. *Richards v. Richards,* 58 Wis.2d 290, 296, 297, 206 N.W.2d 134 (1973); *Estate of Massouras,* 16 Wis.2d 304, 312, 313, 114 N.W.2d 449 (1962). This court has quoted with approval the Rule of Restatement of *Restitution,* sec. 160 (1937):

"§ 160. **Constructive trust.**
"Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises."

*Gorski v. Gorski,* 82 Wis.2d 248, 254, 262 N.W.2d 120 (1978), and cases cited therein. *Meyer v. Ludwig,* 65 Wis.2d 280, 285, 222 N.W.2d 679 (1974).

However, in defining the elements necessary to invoke the equitable doctrine of constructive trust this court has consistently said that unjust enrichment in itself is not sufficient and that some additional factor must be shown. *Gorski v. Gorski, supra,* at 254. Additional factors suggested have included actual or constructive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or any form of unconscionable conduct. *Id.,* at 255; *Meyer v. Ludwig, supra,* at 286. It has also been held that the unconscionable conduct must be that of the person against whom the constructive trust is to be imposed. *Gorski, supra,* at 255; *Estate of Schmalz,* 58 Wis.2d 220, 228, 206 N.W.2d 141 (1973). Since the doctrine of constructive trust is an equitable remedy, this last rule has not been strictly applied and in imposing the doctrine each case must be considered in the factual situ-

ation presented. This is such a case. The appellant, an innocent beneficiary, and not in any sense a purchaser for value, was, in fact, enriched, although not because of any unconscionable conduct on her part.

Equitable remedies must, of necessity, place heavy reliance on the facts of the particular controversy. We examine the facts of some of those cases which have come to our attention involving an innocent beneficiary and which have been held to support the imposition of a constructive trust.

In *Richards v. Richards, supra,* the court imposed a constructive trust on life insurance proceeds where the decedent named his second wife as beneficiary in violation of an express provision in a divorce judgment ordering him to maintain his children as the beneficiaries. The court also stated that the second wife was not a bona fide purchaser and concluded that the decedent's violation of the divorce decree was sufficient to justify the imposition of a constructive trust.

In *Lee v. Preiss,* 18 Wis.2d 109, 118 N.W.2d 104 (1962), this court reversed the trial court's dismissal of the complaint where the decedent had promised his first wife that he would keep the policy in force for his daughters in exchange for her promise not to compel payment of the child support arrearage. The court said these promises plus the fact that the named beneficiary had furnished no consideration and knew of the promises would be sufficient to impose a constructive trust.

In *Estate of Boyd,* 18 Wis.2d 379, 118 N.W.2d 705 (1963), the court allowed the claim of the decedent's ex-wife against his estate in the amount of the life insurance proceeds where he had changed the name of the beneficiary from his ex-wife to his estate, contrary to a divorce decree. The provision was part of the property division and no mention is made of alimony or child support.

In *Truelsch v. Miller,* 186 Wis. 239, 202 N.W. 352 (1925), the court imposed a constructive trust on life insurance proceeds in favor of the corporation from which the decedent had embezzled funds which were used, in part, to pay the premiums. The court stated that the decedent's widow, who was the named beneficiary, was made aware of the crime following her husband's death.

In *McIntyre v. Cox,* 68 Wis.2d 597, 229 N.W.2d 613 (1975), the court refused to impose a constructive trust on a parcel of real estate because the titleholders had paid full value for their interest and therefore, as bona fide purchasers, were not unjustly enriched.

Similarly, in *Estate of Schmalz,* 58 Wis.2d 220, 206 N.W.2d 141 (1973), the court also refused to impose a constructive trust because there was no unjust enrichment. The court gave two reasons. First, the court said the beneficiary of the decedent's estate had not engaged in any unconscionable conduct. Second, the court said the beneficiary had not been unjustly enriched by the bequest because the decedent had no duty to leave everything to the residuary legatees.

In *Meyer v. Ludwig, supra,* the respondent's mother had promised to leave the farm to the respondent in exchange for certain labor and services. Respondent kept her promise and made various improvements to the farm. However the mother left the farm to her husband instead of the respondent. The court imposed a constructive trust and considered important the additional element that a confidential relationship existed between the father and the daughter. In imposing the constructive trust the court also quoted the following rule from *Richards v. Richards, supra,* at 298 :

" 'Where a person holding property transfers it to another in violation of his duty to a third person, the third person can reach the property in the hands of the

transferee [by means of a constructive trust] unless the transferee is a bona fide purchaser.' "

and said that in *Richards*:

". . . [T]his court held that mere ignorance of an original impropriety did not make the recipient an innocent purchaser or even a bona fide purchaser so as to make inappropriate impressing of a constructive trust upon the insurance proceeds there involved. . . ." *Meyer, supra,* at 290.

In the instant case the beneficiary, Debra Bryant, the appellant, was apparently without knowledge of any wrongdoing on her brother's part. Further, there is no allegation that she wrongfully induced her brother to name her as beneficiary. Although innocent of any unconscionable conduct she cannot be considered a bona fide purchaser. She does not allege that she furnished any consideration in exchange for being named beneficiary. She has been gratuitously enriched. The issue is whether the enrichment is unjust. She can only be held to be unjustly enriched if Prince's change of beneficiary is a sufficient additional factor to justify the imposition of a constructive trust.

*Richards v. Richards, supra,* and *Estate of Boyd, supra,* held that a change of beneficiary in violation of an express provision of a divorce judgment is a sufficient additional factor. *Lee v. Preiss, supra,* held that a change of beneficiary in violation of an express promise supported by consideration is a sufficient additional factor.

No specific order or promise regarding the insurance policies was made here. The temporary order refers generally to property and the stipulation does not mention life insurance. Its obvious intent and purpose was to maintain the status quo of the parties until such time as the trial court could consider an equitable division of the marital estate in the event a divorce was ultimately granted.

Likewise, the stipulation of property division makes no reference to the life insurance policies. Clearly the stipulation never became binding since it was not approved by the trial court. *Miner v. Miner,* 10 Wis.2d 438, 442, 443, 103 N.W.2d 4 (1960). As such it had no effect on the parties' rights under the temporary order and cannot be considered a contract in which respondent relinquished her claim to the life insurance. However, it may have some probative evidentiary value. Even if we were to assume that Prince's conduct was entirely innocent and the change of beneficiaries was made in the honest mistaken belief that such an act was permissible, it would not necessarily follow that a constructive trust could not be imposed. Mistake may be sufficient to impose a constructive trust. *See, e.g.,* Scott, *Trusts,* sec. 465–467 (1967).

A life insurance policy is property which is within the jurisdiction of the family court. *Spalding v. Williams,* 275 Wis. 394, 398, 399, 82 N.W.2d 187 (1957). The temporary order here, which refers generally to the property of the parties, included the life insurance policies. If the order is to have any effect it must be held to cover all property which could be disposed of by the final divorce judgment.

Respondent contends that because the order covered the insurance policies, changing the beneficiary was a violation of the order which per se requires the imposition of a constructive trust. Under the facts of this case we cannot agree that the answer is that simple.

In its decision the trial court recited the facts, concluded that there was no genuine issue as to any material fact and found, pursuant to *Spalding v. Williams, supra,* that the beneficiary of a life insurance policy has a property interest subject to the divorce court's juris-

diction and that the family court commissioner had the power to issue that order, then concluded:

"When person [sic] are divested of their interests in life insurance policies by actions which are in violation of the Order issued during divorce proceedings, then the Court will impose a construction [sic] trust upon the insurance proceeds in favor of the persons whose interests were divested by the illegal act."

The temporary order prohibited each party from disposing of his, her or their property. As the owner of the policies Cleon had a property interest in them. His action did not dispose of this interest. If he had decided to forego paying further premiums and allow the policies to lapse he would have disposed of his interest in the policies. The question of the appropriate remedy in such a situation is not at issue here.

This court has held that as a beneficiary of her husband's life insurance policy a wife has a property interest in the policy. *Spalding, supra,* at 399. Cleon's action did dispose of respondent's interest in the policy. As such it was a violation of the order. Nevertheless, the respondent's interest was not disposed of irrevocably and the policy was not removed from the court's jurisdiction. As part of the final judgment the trial court would have had a number of options, including ordering Cleon to again name his wife as beneficiary. The change was rendered irrevocable only by Prince's untimely death.

A constructive trust is an equitable remedy designed to prevent unjust enrichment by insuring that property is given to one to whom it equitably belongs. In the *Richards* and *Boyd Cases* the insurance proceeds had been designated by court order as property that belonged to the parties who sought the constructive trust. The respondent here does not have a similar right to the proceeds. From the limited facts presented in the sum-

mary judgment proceeding it is arguable that had Cleon lived and a divorce been granted his wife, the trial court would not have ordered him to maintain the respondent as beneficiary on both life insurance policies. Such orders are generally made to protect payments of alimony, or child support, or to insure payments under a property division. There were no children born of this marriage and there is nothing in the record before us to indicate that alimony would have been awarded to the respondent.

Based upon the sparse record before us there are some factors which militate in favor of imposing a constructive trust upon the insurance proceeds to some extent. The property division stipulation itemizes debts in the approximate amount of $6,500 which Cleon was to assume and agree to pay. The stipulation also proposes to award Cleon the residence, "subject to the equity of the parties." We have no way of knowing the amount of the equity of the parties in the residence, what the quoted language was intended to mean, or in whom the title vested upon the death of Cleon.

It is our conclusion that under the particular facts of this case the trial court abused its discretion in imposing a constructive trust upon the entire proceeds of the insurance contracts solely on the grounds that the deceased, either mistakenly or otherwise, violated the general terms of the temporary order of the family court commissioner. The extent to which a constructive trust should be imposed upon the insurance proceeds can only be determined after an evidentiary hearing and a careful and equitable consideration of all relevant factors.

Where divorce judgments have required the husband to carry a stated amount of life insurance for the benefit of his wife and children but the only policy in existence at the time of the husband's death is in excess of that stated amount and payable to a third party, courts

of other jurisdictions have directed the beneficiary to pay an amount from the proceeds equal to the amount set forth in the divorce judgment. *See, e.g., White v. Michigan Life Insurance Company,* 43 Mich. App. 653, 204 N.W.2d 772 (1972) ; *Nielsen v. Nielsen,* 535 Pac.2d 1239 (Utah 1975). In these cases what is, in effect, a constructive trust, has been imposed on a larger fund to the extent required by the divorce judgment. In reaching our decision in this case we are not unmindful of the fact that no judgment of divorce was ever entered in the instant case, nevertheless we deem it necessary that the cause be remanded for further proceedings in the trial court with due consideration given to the relative equities of all parties. Since a constructive trust is an equitable remedy, the trial court has the power to apply the remedy as necessary to meet the needs of the particular case. *American Med. S., Inc. v. Mutual Fed. S. & L.,* 52 Wis.2d 198, 205, 188 N.W.2d 529 (1971).

The case is here on appeal from a summary judgment so the facts available are limited. The trial court's memorandum decision is brief and it is difficult to determine whether the facts relating to the relative equities were considered. Based upon the record before us it is reasonable to conclude the trial court based its decision on an extension of the rule set forth in *Boyd, supra,* and *Richards, supra.* Those cases hold that a constructive trust may be imposed for a violation of a specific order in a divorce judgment as contrasted to the situation presented here. Since those cases involve orders made specifically to protect the intended beneficiaries they can be distinguished from the instant case where the general order was intended only to maintain the status quo until it was determined whether such a specific order was necessary.

Imposing a constructive trust here, as a matter of law, on the basis of *Richards, supra,* and *Boyd, supra,*

is inappropriate. The result in those two cases is not a rule to be rigidly applied whenever a family court order is violated. The issue is still whether unconscionable conduct has resulted in unjust enrichment. Perhaps after a thorough analysis of the conduct of Cleon and of the relative rights of the parties the trial court will still conclude that respondent should have all the insurance proceeds. If the trial court had made such an analysis it might be difficult to disagree with whatever conclusion it reached. However, where no such analysis has been made and the same result is reached in a very different context without discussion or reason, the judgment cannot be affirmed and the cause must be remanded for further proceedings.

Finally, we observe that this opinion is not intended to in any sense detract from the dignity and importance of a temporary order of a family court commissioner. In fact, we believe our decision leads to the opposite conclusion. Temporary orders of a family court commissioner cannot be disregarded with impunity.

*By the Court.*—Judgment reversed and cause remanded.