**Richard FULTZ & United Farm Bureau Insurance Company, Appellants–Defendants,**

**v.**

**Janene COX, Appellee–Plaintiff.**

No. 36A01–9012–CV–482.

Court of Appeals of Indiana, First District.

July 18, 1991.

---

J. Anthony Goebel, Wyatt, Tarrant, Combs & Orbison, New Albany, for appellants-defendants.

Todd R. Seaver, Matthew B. Troutman, Rawlings & Associates, Jeffersonville, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Richard Fultz and United Farm Bureau Insurance Company (collectively "UFB") bring this interlocutory appeal, challenging the denial of their motions for summary judgment and separate trials in Janene Cox's personal injury action. We affirm.

## ISSUES

We consolidate and rephrase the issues on appeal:

1. Did the trial court err in denying UFB's motion for summary judgment based upon the affirmative defense of release and in finding that genuine issues of material fact exist?

2. Did the court err in denying the motion for separate trials on the issues of release and negligence?

## FACTS

On February 25, 1989, Cox was a passenger in Fultz's vehicle, when the truck

veered off the road, hit a guard rail, and flipped over several times. Cox suffered a cerebral concussion, multiple contusions and abrasions, and a laceration of the scalp. When deposed, Cox related that she was contacted by a UFB representative about the accident. The representative assured Cox that she would be compensated for her lost wages. When Cox was able to return to work, she contacted UFB. On March 16, 1989, David Kemple, a UFB representative, met with Cox and discussed her lost wages and lost personal items. Kemple computed the amount of her lost wages, past medical expenses, and property loss on a medical and special damages report. Kemple figured Cox lost $528 in wages, and $55 for property damage.[1] Kemple asked Cox if $1,000 would be "fair". Cox further stated that Kemple told her that she "would have to sign saying that [she] received $1,000 and that [she] received it for [her] clothing and [her] lost wages...." Record at 254. Cox signed the release of all claims without reading the document. She stated that she believed her future medical expenses would be paid by UFB, despite her receipt of $1,000.

Cox later submitted additional medical bills to UFB. Initially, UFB informed Cox that "as agreed on settlement, you must be responsible for all medical bills". Cox filed suit against Fultz for negligence and UFB for fraud, misrepresentation, deceit, and bad faith. Cox amended her complaint and added a claim for underinsured motorist coverage against UFB and Fultz, also seeking punitive damages. Subsequently, UFB paid Cox's medical bills pursuant to the medical payment provision in Fultz's policy. In UFB's answer, UFB asserted the affirmative defense of release.

On July 24, 1990, UFB filed a motion for separate trials on the issues of release and negligence, pursuant to Ind. Trial Rule 42(B). On September 6, 1990, UFB requested summary judgment on the basis of the release signed by Cox. On October 31, 1990, the court denied the motions for summary judgment and separate trials. We granted UFB's petition for interlocutory appeal on March 20, 1991.

## DISCUSSION AND DECISION

*Issue One*

UFB contends that summary judgment should have been granted because no genuine issues of material fact exist as to whether Cox freely and voluntarily signed the release of which she is presumed to know the contents, whether any mutual mistake was made, and whether UFB waived its right to assert the defense of release.[2]

When reviewing the denial of summary judgment, we apply the same standard as the trial court. *Church Brothers Body Service, Inc. v. Merchants National Bank* (1990), Ind.App., 559 N.E.2d 328, 330. Summary judgment is proper only when no genuine issue of material fact exists and the movant is entitled to summary judgment as a matter of law. Ind. Trial Rule 56(C). In determining whether a genuine issue of material fact exists, we consider all matters in a light most favorable to the nonmovant. *Watson Rural Water Co. v. Indiana Cities Water Corp.* (1989), Ind. App., 540 N.E.2d 131, 134, *trans. denied.*

UFB cites the general rule that a person is presumed to understand the documents which he signs, *Carney v. Central National Bank of Greencastle* (1983), Ind. App., 450 N.E.2d 1034, 1038, *trans. denied,* and cannot be relieved from the terms of a contract due to his failure to read it, *Walb Construction Co. v. Chipman* (1931), 202 Ind. 434, 443, 175 N.E. 132, 135. Although this is the general rule, we note that "[f]raud has always been the exception." *Farm Bureau Mutual Insurance Co. v. Seal* (1962), 134 Ind.App. 269, 281–82, 179 N.E.2d 760, 765, *trans. denied; see also Moore v. Bowyer* (1979), 180 Ind.App. 429, 431, 388 N.E.2d 611, 612, *trans. denied,*

---

1. Kemple also computed $1,808 for past medical expenses, which were paid separately.

2. UFB also argued that sufficient consideration was given to uphold the release; however, we do not address this issue because Cox does not argue lack of consideration on appeal.

(failure to read does not relieve party of contract terms absent fraud or misrepresentation). Cox alleges that Kemple falsely represented that the release was for lost wages and property damage only. In her deposition, Cox specifically claimed that Kemple told her that she "would have to sign saying that [she] received $1,000 and that [she] received it for [her] clothing and [her] lost wages...." Record at 254.

■ We believe that the alleged misrepresentation as to the effect of the release raises a genuine issue of material fact.[3] Therefore, we affirm the trial court's denial of summary judgment. *Cf. Hancock v. Kentucky Central Life Insurance Co.* (1988), Ind.App., 527 N.E.2d 720, 724, *trans. denied,* (equity relieves consequences of mistake induced by misrepresentation).

Also, we summarily address UFB's assertions that no mutual mistake occurred and that UFB did not waive its right to assert the defense of release. "A mutual mistake is one which involves both parties, a mistake independently made by each party." *Hybarger v. American States Insurance Co.* (1986), Ind., 498 N.E.2d 1015, 1018, *trans. denied.* Here, any mistake as to the effect of the release was solely a mistake on Cox's part. UFB was not mistaken as to its effect of releasing all claims. Thus, the release cannot be rescinded on the basis of mutual mistake. *Id.*

■ Cox argues that UFB waived the defense of release by paying Cox's medical bills after the release was signed. However, UFB explains that the payment of the medical bills was required by a separate provision in Fultz's policy. Fultz's policy contains a medical payment provision to pay medical expenses for one year after an accident. UFB states that Cox's medical expenses were paid pursuant to the medical payment provision, not the liability provi-

sion under which Cox seeks recovery. Therefore, UFB successfully rebuts Cox's argument of waiver.

*Issue Two*

■ UFB claims the trial court abused its discretion in denying its motion for separate trials on the issues of negligence and release. The trial court is granted a wide degree of latitude in exercising its proper discretion in granting a motion for separation of trials, and we will reverse the denial only for an abuse of that discretion. *Farm Bureau Mutual Insurance Co. v. Dercach* (1983), Ind.App., 450 N.E.2d 537, 540, *trans. denied;* T.R. 42(B). The trial court balances the interests of convenience and economy against the likelihood of substantial prejudice to the defendant's case. If practicable, one trial is preferred. *Id.*

■ UFB asks us to follow our decision in *Frito–Lay, Inc. v. Cloud* (1991), Ind. App., 569 N.E.2d 983. In *Frito–Lay,* we found the trial court abused its discretion in denying bifurcation of the liability and damages issues. There, the inundating evidence that created sympathy for the gravely disabled victim prejudiced the verdict on the liability issue. Before trial, the court denied the motion for separation because the plaintiff alleged that the issues were intertwined concerning the cause of the accident and the injuries suffered. However, on appeal, we found that no evidence was presented during the trial to show the cause of the accident through the injuries. *Id.* at 990. We further found that Frito–Lay's defense was not seriously disputed. Therefore, because we were reversing on other issues, we did not hesitate to find an abuse of discretion in the denial of the motion for separation. *Id.* at 991.

UFB's arguments regarding convenience, expediency, and economy presume that UFB will prevail on its defense of release. UFB contends that its defense of

---

**3.** We note that Cox claims that UFB had a duty to disclose that the release was for all claims and to explain the legal effect of the release, because she was insured by UFB. Cox contends that UFB's failure to disclose constitutes fraudulent concealment. In this situation, Cox was a third-party claimant and UFB did not have a fiduciary relationship which would require disclosure as Cox contends. *See Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239, 1244 *trans. denied,* (insurer has no affirmative duty to protect the rights of injured third parties).

release is not seriously disputed. We disagree. Cox has presented a genuine issue of material fact whether Kemple made misrepresentations about the effect of the release. We cannot say that the trial court abused its discretion.

Affirmed.

ROBERTSON and CHEZEM, JJ., concur.