**SHAPIRO, BERNSTEIN & CO., INC., et al., Plaintiffs,**

v.

**"The LOG CABIN CLUB ASSOCIATION", an unincorporated association, and Shirley L. Lewis, Defendants.**

**Civ. A. No. 72-31-P.**

United States District Court,
N. D. West Virginia.

Sept. 13, 1973.

John L. Allen, Bachmann, Hess, Bachmann & Garden, Wheeling, W. Va., for plaintiffs.

Orville L. Hardman, Parkersburg, W. Va., for defendants.

MAXWELL, Chief Judge.

The above entitled action is before the Court on plaintiffs' motion for summary judgment.

This action, founded on 17 U.S.C. § 101, was commenced on November 16, 1972, by Shapiro, Bernstein & Co., Inc., MCA, Inc. and Warner Bros., Inc., owners of the copyrights to the musical compositions, "Guitar Boogie," "Orange Blossom Special" and "Alabama Jubilee," respectively. The essential allegations of the complaint are that defendant Shirley Lewis, the president and person with primary responsibility for the control, management, operation and maintenance of defendant "The Log Cabin Club Association," an unincorporated association which operates "The Log Cabin Club," a place of business for public entertainment located at 1600 Pike Street, Parkersburg, West Virginia, in this judicial district, on June 30, 1972, and at other times prior and subsequent thereto, in infringement of plaintiffs' copyrights, gave public performances for profit of the above-referenced musical compositions at the place of business denoted above, and that defendants threatened to continue such infringing performances unless restrained by this Court. Plaintiffs, joined in this action under Rule 20, Federal Rules of Civil Procedure, pray for injunctive relief, statutory damages,[1] reasonable attorneys' fees and costs. The defendants filed an answer which amounted to a general denial, including therein a demand for trial by jury. The Court, by memorandum order entered on May 17, 1973, sustained plaintiffs' motion to

---

1. Plaintiffs have filed a waiver of claims to recover any damages in excess of the statutory minimum damages set forth in 17 U.S.C. § 101.

strike defendants' demand for trial by jury.

Subsequent to the filing of defendants' answer, plaintiffs, on March 1, 1973, served upon defendants a Request for Admissions, pursuant to Rule 36, Federal Rules of Civil Procedure. The Request for Admissions requested defendants to admit or deny the truth of the thirty-six (36) statements of fact contained in the Request and the copies of the Certificates of Copyright Registration and renewal thereof for the musical compositions in the plaintiffs' names, which had been annexed to and made a part of the Request for Admissions. The Request for Admissions incorporated the essential allegations of the complaint necessary to establish the plaintiffs' case, which had been denied by the defendants in their answer. The defendants failed to respond to the Request for Admissions until July 5, 1973, a date more than four months after service of the Request and subsequent to the service and filing of the pending motion for summary judgment.[2] On June 29, 1973, plaintiffs served on defendants the affidavits of two eyewitnesses who swore that they were present in defendants' establishment on the evening of June 30, 1972, that they purchased refreshments while there, and that they heard the musical compositions belonging to plaintiffs performed by the musical group performing there. Attached to these affidavits is a photostatic copy of the notes made by the witnesses while they were at defendants' establishment. These notes reflect that one of the witnesses notified a waitress that they (the two witnesses) were present at the behest of ASCAP, that they had made a written record of the musical compositions performed, and that the waitress was asked to inform the manager of these facts, which the waitress indicated she would do.[3]

The gist of the plaintiffs' motion is that due to the failure of defendants to respond to the Request for Admissions, as provided in Rule 36, Federal Rules of Civil Procedure, the defendants should be deemed to have admitted the truth of all the facts contained therein, including the validity of the documents attached to the Request. Plaintiffs assert that the facts and documents admitted constitute establishment of all the allegations necessary for a cause of action under 17 U.S.C. § 101, that no genuine issues of fact remain unresolved, and that plaintiffs are entitled to summary judgment as a matter of law in accordance with the provisions of Rule 56(c), Federal Rules of Civil Procedure. Counsel for plaintiff appended to his motion for Summary Judgment the certificate of consultation provided for in Local Court Rule 2.07(e) and submitted a memorandum in support of the motion in accordance with Local Court Rule 2.07(b). Defendants have not served and filed any statement in opposition to the motion or any memorandum as required by Local Court Rule 2.07(c).

Rule 56(c), Federal Rules of Civil Procedure, provides in pertinent part that

> The judgment sought shall be rendered forthwith if the pleadings . . . admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■■ The defendants, by their untimely and incomplete response to plaintiffs' Request for Admissions, are deemed, under the provisions of Rule 36, Federal Rules of Civil Procedure, to have in effect admitted all material facts contained therein. Batson v. Porter, 154 F.2d 566 (4th Cir. 1946). The pleadings and the matters deemed admitted for the purpose of the pending motion make it apparent that there is no genuine issue as to any material fact, and that plaintiffs are entitled to a

---

2. The motion was served by mail on June 20, 1973, and was filed on June 25, 1973.

3. These affidavits and the attachments thereto were filed on July 2, 1973.

judgment as a matter of law due to the admission of the allegations necessary to state a cause of action under 17 U.S.C. § 101.[4]

██ It is clear that summary judgment may be granted in copyright infringement actions, where, as here, there is no genuine issue of facts to be tried. Houghton Mifflin Co. v. Stackpole Sons, Inc., 113 F.2d 627 (2d Cir. 1940); Associated Music Publishers, Inc. v. Debs Memorial Radio Fund, 141 F.2d 852 (2d Cir. 1944) cert. den. 323 U.S. 766, 65 S. Ct. 120, 89 L.Ed. 613 (1944); Edwin H. Morris & Company v. Burton, n. 4, supra.

██ Plaintiffs are entitled to the injunctive relief prayed for and to the statutory minimum damages of $250.00 as to each cause of action. In addition, pursuant to 17 U.S.C. § 116, plaintiffs are entitled to a reasonable attorney's fee as part of the costs of this action.

It is ordered that the injunctive relief prayed for is granted as of the date of the entry of this order.

It is further ordered that plaintiffs are entitled to statutory damages in the amount of $750.00, but that the award of the same is held in abeyance pending the submission to the Court, within thirty (30) days of the entry of this order, of a verified statement by counsel for plaintiffs, with copy thereof to counsel for defendants, as to the time expended in prosecution of this action and the amount claimed as a reasonable attorney's fee therefor. Upon receipt of this statement, a judgment order will be considered, and, if proper, will be entered, awarding to plaintiffs $750.00 statutory damages, a reasonable attorney's fee, and costs.

4. The essential elements of a cause of action for copyright infringement are: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in this action; (4) that the

compositions were performed publicly for profit at "The Log Cabin Club" on June 30, 1972; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance. See Edwin H. Morris & Company v. Burton, 201 F.Supp. 36, 38-39 (E.D.La.1961).