F.E. VAN SICKLE, District Attorney, Barron County
You state that a group of Indians reside in Barron County on land which has been deeded to the United States Government. To improve law enforcement in the area, the sheriff of Barron County has recommended the appointment of a deputy sheriff representative of this minority group. He has been advised by the Wisconsin Council of Criminal Justice that assistance in funding would be available if there were only one deputy sheriff who would serve in both Barron County and in the adjoining county, Polk, which has a similar problem on relatively adjacent lands.
You inquire whether a resident of one county can be appointed by the respective sheriffs of Barron and Polk County to serve in both counties.
The answer to this question is in the negative.
The provisions of sec. 59.21 (1), Stats., were reviewed in 45 OAG 267 (1956). It was stated that a deputy sheriff must be a resident of the county for which appointed and that a duly appointed deputy sheriff may act anywhere in the county pursuant to authority of sec. 59.24, Stats., and other statutes, and in other counties within the limitations of sec. 59.25 and other applicable statutes.
There is a practical solution to the problem. If the deputy sheriff were to be paid by either county, cooperation of the sheriffs and *Page 251 
county boards of each county would be required. Section 59.15
(2), Stats., would be applicable, and sec. 59.21 (8) (a), Stats., would be applicable if the appointing county had a civil service system with respect to deputy sheriffs.
The sheriff of the county in which the suitable appointee resided could make the appointment and would have primary supervisory responsibility.
Since the opinion at 45 OAG 267 (1956) was written, sec. 59.24
(2), Stats., has been created to provide:
"* * *
"(2) County law enforcement agencies may request the assistance of law enforcement personnel or assist other law enforcement agencies as provided in ss. 66.305 and 66.315."
Section 66.305, Stats., provides for mutual assistance of county law enforcement personnel, upon request, and sec. 66.315, Stats., provides for responsibilities for pay and other benefits while serving outside territorial limits of the county.
I question whether sec. 66.305 (1), Stats., would permit the sheriff of the non-appointing county to issue a continuing call to such deputy for mutual assistance. However, in view of modern law enforcement communications systems, the deputy could be in almost constant communication with the sheriff of the nonappointing county so that he could be issued a request for assistance whenever he or such sheriff deemed it necessary for him to serve in the adjacent county. Since funding assistance is contemplated, the counties may deem it provident to enter into an intergovernmental cooperation agreement under sec. 66.30, Stats.
RWW:RJV