DAVID T. PROSSER, JR., District Attorney, Outagamie County
You request my opinion whether a person who is a nonresident of Outagamie County may be appointed and serve as full-time deputy sheriff. I am advised that Outagamie County does not have a civil service system for deputy sheriffs pursuant to sec. 59.21 (8), Stats.
I am of the opinion that a person appointed deputy sheriff pursuant to sec. 59.21 (1), Stats., must be a resident of the county and of the respective city, village or assembly district for which such deputy is appointed. Where appointment is made under sec. 59.21 (2), Stats., or pursuant to a civil service ordinance adopted under sec. 59.21 (8)(a), Stats., I am of the opinion that such person must be a resident of the state and must, before qualifying and serving, be a resident of the county and must continue to maintain such residency within the county during his or her service.
I have reviewed 45 Op. Att'y Gen. 267 (1956), which comes to a somewhat similar conclusion. When that opinion was written, sec.59.21 (8) (a), Stats. (1955), provided that in counties having a civil service system for deputies, "position shall be filled by appointment . . . from a list . . . of the 3 candidates who shall receive the highest rating in a competitive examination of persons residing in such county." Chapter 107, Laws of 1969, amended sec. 59.21 (8)(a), Stats., to change the phrase "examination of persons residing in such county" to "examination of persons residing in this state." Legislative history of the bill involved leads me to believe that the change was intended to open the examination to state residents who did not reside in the county at the time and was not intended to alter any requirement of county residency after appointment and qualification.
The 1956 opinion concluded that a deputy sheriff was a public officer, in part because sec. 59.13, Stats., requires an oath; sec. 59.22 (2), Stats., provides that the sheriff may require a bond. In addition, the opinion stated that the office of deputy sheriff was a local office and that continuing residency within the county was implied from and required by sec. 17.03 (4), Stats., which provides in part: *Page 317 
 ". . . Any public office . . . shall become or be deemed vacant upon the happening of any of the following events:
"***
 "(4) His ceasing to be an inhabitant of this state; or if the office is local, his ceasing to be an inhabitant of the district, county, city, village, town, aldermanic district or school district for which he was elected or within which the duties of his office are required to be discharged . . . ." (Emphasis added.)
A deputy sheriff is a county officer rather than a county employe. See 3 Op. Att'y Gen. 672 (1914) and 65 Op. Att'y Gen. 292 (1976).
A deputy sheriff, just as a sheriff, primarily performs his duties within his given county, although he may go outside the county without departing from duty in case of pursuit, delivery of prisoners and to assist other law enforcement agencies. See secs. 59.24, 66.305, 66.315 and Andreski v. Industrial Comm.,261 Wis. 234, 241, 52 N.W.2d 135 (1952). It would be unreasonable to conclude that a deputy sheriff appointed for Outagamie County could reside in distant Dane County merely because such officer might on rare occasions deliver persons in his custody to a state institution in Dane County.
You also inquire whether a person can be appointed as a deputy sheriff in more than one county.
This question was answered no in 62 Op. Att'y Gen. 250 (1973), which reconsidered and reaffirmed the opinion in 45 Op. Att'y Gen. 267 (1956), but which stated that secs. 59.24 (2), 66.30, 66.305 and 66.315, Stats., would permit a deputy appointed in the county of residence to serve in an adjacent county upon request for mutual assistance.
Even if residency in the county were not required by statute, it is my opinion that the county board of supervisors could require residency by ordinance under the provisions of sec. 59.15
(2)(c) or 59.21 (8) (a), Stats. See 54 Op. Att'y Gen. 107 (1965).
The United States Supreme Court has held that a municipal ordinance requiring firemen to live within the city did not violate constitutional provisions as to the right to interstate travel, the due process clause or equal protection clause of the fourteenth amendment. McCarthy v. Philadelphia Civil ServiceComm., *Page 318 424 U.S. 645 (1976). Also see Detroit Police Officers Ass'n. v. Cityof Detroit, 405 U.S. 950 (1972).
BCL:RJV