CHESS MUSIC, INC., Casa David, WB Music Corp., Cherry Lane Music Co., United Artists Music Co., Inc., Plaintiffs,

v.

Albert TADYCH, Defendant.

No. 78–C–278.

United States District Court,
E. D. Wisconsin.

Feb. 16, 1979.

---

Frank J. Daily, Quarles & Brady, Milwaukee, Wis., for plaintiffs.

Albert Tadych, pro se.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action for copyright infringement under Title 17 of the United States Code. Plaintiffs' complaint alleges that they are the owners of four musical compositions and further that infringing performances of these compositions occurred at defendant's establishment, known as the Showboat Lounge, on February 25 and 26, 1978 in Milwaukee, Wisconsin. Plaintiffs seek the following remedies under the Copyright Act, 17 U.S.C. §§ 504(c)(1), 502(a) and 505: an injunction prohibiting further infringing performances of plaintiffs' musical compositions; statutory damages for past infringements in the amount of $250.00 per cause of action (plaintiffs assert one cause of action for each of the four compositions); and reasonable attorney's fees and costs incurred by plaintiffs in bringing this action.

Subsequent to defendant's answer, plaintiffs served a request for admissions on defendant. Defendant never responded to the request and, pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant is deemed to have admitted the allegations in the request as true. Plaintiffs have now moved for summary judgment supporting such motion with a brief, several affidavits, and defendant's admissions by non-response to the request for admissions. Defendant has filed neither a brief in response nor any affidavits opposing plaintiffs' motion for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, affidavits, depositions and other papers on file indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Furthermore, under Rule 56(e) of the Federal Rules of Civil Procedure, a party cannot rest on the allegations of his pleadings, and thus a court can enter summary judgment, if appropriate, when the opposing party fails to respond with facts supporting his complaint.

In order to clarify the facts in this case, a review of the facts surrounding the alleged infringement is necessary. Each plaintiff in this action is a music publisher and a member of the American Society of Composers, Authors and Publishers ("ASCAP"). ASCAP was granted a non-exclusive right to license public performances for profit of the plaintiffs' copyrighted musical compositions. On behalf of its members, including plaintiffs, ASCAP licenses numerous broadcasters, restaurants, taverns and the like whose owners desire to perform publicly copyrighted musical compositions in the ASCAP repertory.

When a user declines to obtain a license agreement and instead chooses to perform the musical compositions without permission from the copyright owners, the user becomes an infringer under the Copyright Act, specifically 17 U.S.C. §§ 106 and 501. In this action, defendant is alleged to have committed such an infringement by giving public performances on defendant's premises for profit of the four compositions without permission. *See*, 17 U.S.C. § 501(a).

Effective January 1, 1978, the new Copyright Act provides that "Anyone who violates any of the exclusive rights of the

copyright owner as provided by sections 106 . . . is an infringer of the copyright." As indicated earlier, the alleged infringements occurred in February of 1978 and thus are governed by the new Copyright Act. Before reviewing whether summary judgment is appropriate here, the Court must first determine what a party must show to establish a claim for copyright infringement. Once that is set forth, then a determination of whether plaintiffs have established their claim for relief can be made.

In *Shapiro, Bernstein & Co. v. Log Cabin Club Assoc.*, 365 F.Supp. 325, 328 fn. 4 (3 N.D.W.Va.1973), the court described the essential elements for copyright infringement:

(1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in this action; (4) that the compositions were performed publicly for profit at [the location alleged] and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

Although the Copyright Act was changed subsequent to this case, it is clear to the Court that 17 U.S.C. §§ 106 and 501 place no greater burden upon the plaintiff. Therefore, these will be utilized in reviewing plaintiffs' motion for summary judgment.

As indicated earlier, defendant was served with requests for admissions which are deemed admitted by defendant's failure to respond. A review of these requests indicates that defendant was asked to deny or admit facts that, if admitted, establish each and every element of plaintiffs' claim. Since these elements are admitted there is no genuine issue as to any material fact. Therefore, plaintiffs are entitled to judgment as a matter of law.

The law is clear that summary judgment may be granted in a copyright infringement where, as here, the Court finds that there is no genuine issue as to any material fact. *Shapiro, Bernstein & Co. v. "Log Cabin Club Assoc.,"* 365 F.Supp. at 328 and cases cited therein.

Plaintiffs are entitled to the injunctive relief prayed for and for statutory minimum damages of $250.00 for each cause of action. 17 U.S.C. §§ 502(a) and 504(c)(1). Further, pursuant to 17 U.S.C. § 505, plaintiffs are entitled to costs and reasonable attorney's fees.

It is ordered that plaintiffs' prayed for injunctive relief is granted effective the date of this order.

It is further ordered that plaintiffs are entitled to $1,000 in statutory damages, but that the award be held in abeyance pending the Court's resolution of the award of attorney's fees. Pursuant to the question of attorney's fees, plaintiffs are ordered to submit, within fifteen (15) days of the date of this order, an affidavit setting forth the time plaintiffs' attorneys expended in pursuing this action. Upon receipt of such affidavit, the Court will enter a supplementary order awarding reasonable attorney's fees and costs. Based upon the present order and the supplementary order, an appropriate judgment will be entered.

SO ORDERED this 16th day of February, 1979, at Milwaukee, Wisconsin.