BANK OF TWO RIVERS, Plaintiff-Respondent,

v.

Derald E. ZIMMER and Yvonne Zimmer, Defendants-Appellants-Petitioners,

Dominic A. KULJIS, Laura Kuljis, Carol G. Boyd, Estate of Smiley S. Boyd Trust,

William S. Boyd and Joseph G. Boyd, Defendants.

Supreme Court

*No. 81–768. Argued April 25, 1983.—Decided June 1, 1983.*

(Also reported in 334 N.W.2d 230.)

For the petitioners there was a brief by *Mary Lou Robinson* and *Robinson, Smith & Robinson*, Appleton, and oral argument by *Nila Jean Robinson*.

For the plaintiff-respondent there was a brief by *Steven P. Srenaski*, and *Srenaski & Haller*, Manitowoc, and oral argument by *Steven P. Srenaski*.

LOUIS J. CECI, J.    This is a review of an unpublished decision of the court of appeals which affirmed summary judgments granted by the Honorable Allan J. Deehr, Circuit Judge of Manitowoc county, in favor of the plaintiff, Bank of Two Rivers (Bank), and defendants Dominic Kuljis, Laura Kuljis, Carol G. Boyd, Estate of Smiley S. Boyd Trust, William S. Boyd, and Joseph G. Boyd (hereinafter referred to as "Kuljis") in a quiet title action. Because we agree with the courts below that a party's failure to respond to a request for admission is construed as a conclusive admission against such party, and because other possible grounds for relief from the effect of the admission or the summary judgment were not effectively raised, we affirm the court of appeals.

On September 25, 1978, the Bank of Two Rivers began a quiet title action against the Zimmers concerning a narrow strip of land used as a driveway by the Zimmers and their tenants for many years. The Bank alleged that the Zimmers claimed an interest in the land. The Zimmers answered, asserting adverse possession or, alternatively, a prescriptive easement acquired by use. The answer was signed by Attorney Allan Cain. The Bank served interrogatories, which the Zimmers answered. In their answers, the Zimmers set out the basis for their claim of adverse possession and asserted that they had acquired ownership of the property on that basis. However, a request for admission from the Bank, dated October 24, 1978, which called upon the Zimmers to admit

that they had no interest "of record" in the land, was never answered.

On August 14, 1980, the Bank filed an amended complaint, bringing in as additional defendants the Kuljis and Boyd families, who conveyed the land to the Bank in 1976. The new, impleaded defendants mailed a request for admission to Attorney Cain on August 29, 1980. This request asked the Zimmers to admit that they had no interest whatsoever in the land. It also went unanswered.

The affidavit of mailing showed that the second request for admission had been sent to the attention of Attorney Allan Cain. The address given (103 West College Avenue, Appleton, Wisconsin 54911) was that of the office building in which Robinson, Smith & Robinson had offices. No suite number was given. At the time, both Allan Cain and Mary Lou Robinson were the Zimmers' attorneys of record.[1]

The Bank and Kuljis moved for summary judgment pursuant to sec. 802.08, Stats.,[2] based upon the Zimmers'

---

[1] From our review of the record, it does not appear that there was ever a formal substitution of attorneys, removing Allan Cain from the case.

[2] Section 802.08, Stats., provides in pertinent part as follows:

"802.08 **Summary judgment.** (1) AVAILABILITY. A party may, within 8 months of the filing of a summons and complaint or within the time set in a scheduling order under s. 802.10, move for summary judgment on any claim, counterclaim, cross-claim, or 3rd party claim which is asserted by or against the party. Amendment of pleadings is allowed as in cases where objection or defense is made by motion to dismiss.

". . .

"(3) SUPPORTING PAPERS. Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence. Copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith, if not already of record. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as

failure to answer the two requests for admission. The supporting affidavit referred to the unanswered request for admission. From our review of the record, it is apparent that the Zimmers did not file an opposing affidavit, nor did they object to the timing of the motions for summary judgment or the appropriateness of the supporting affidavits at the motion hearing. The trial court concluded that because the Zimmers had failed to respond to either request for admission, the matters asserted therein were deemed conclusively admitted pursuant to sec. 804.11(1)(b)[3] and the Zimmers were

provided in this section, an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party.

"(4) WHEN AFFIDAVITS UNAVAILABLE. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the motion for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

[3] Section 804.11(1)(b), Stats., provides as follows:

"804.11 Requests for admission. (1) REQUEST FOR ADMISSION.
. . .

"(b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good

barred from asserting any interest whatever in the land. Accordingly, summary judgment was granted on January 28, 1981, in favor of the Kuljis defendants and the Bank.

In April, 1981, the Zimmers' attorney (Mary Lou Robinson) moved to vacate the judgment and to withdraw the admission, pursuant to sec. 806.07, Stats.[4] In support of their motion to vacate the judgment, the Zimmers argued that the notice of motion for summary judgment was inadequate because it was given eighteen days before the hearing, whereas the time prescribed by sec. 802.08 (2) is twenty days. The Zimmers also sought relief from the judgment on grounds of excusable neglect and in the interests of justice, pursuant to secs. 806.07(1)(a) and 806.07(1)(h). The motion to withdraw the admission was grounded on sec. 804.11(2), which provides:

"804.11 **Requests for admission.** . . .
"(2) EFFECT OF ADMISSION. Any matter admitted under this statute is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to s. 802.11 governing amendment of a pretrial order, the court may permit withdrawal or

---

faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she had made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to s. 804.12(3) deny the matter or set forth reasons why the party cannot admit or deny it."

[4] Section 806.07(1)(a), Stats., provides as follows:

"806.07 **Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

"(a) Mistake, inadvertence, surprise, or excusable neglect;"

amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding."

A response to the request for admission, denying the truth of the statement in the request, was also filed at this time.

The trial court denied the motion to vacate the judgment, finding that no reasonable basis for a finding of excusable neglect had been shown and that there was not a sufficient basis to grant the relief sought in the interests of justice.

The Zimmers then appealed from the summary judgment in favor of the plaintiff Bank of Two Rivers. On appeal, they contended that the motions for summary judgment were not timely served and were not supported by appropriate affidavits. They argued that the trial court erred in failing to properly scrutinize the affidavits of the parties moving for summary judgment. Finally, the Zimmers contended that the trial court abused its discretion in granting the summary judgments because there were unresolved questions of law and fact.

The court of appeals affirmed the trial court.[5] The court did not discuss the alleged defects in the motions for summary judgment, since it deemed these arguments waived as untimely raised. It appears that three of these

[5] The court of appeals noted that although the Zimmers' notice of appeal referred to the judgment in favor of the Kuljis defendants, it only described the order issued with respect to the plaintiff. The court stated that it would liberally construe the notice of appeal and assume that the Zimmers intended to appeal from both judgments.

arguments were raised for the first time on appeal, and the other was not raised until some five months after the summary judgment motion hearing. The court of appeals held that the trial judge did not abuse his discretion in holding that all pertinent issues of fact were foreclosed by the Zimmers' failure to respond to the request for an admission that they had no interest in the property.

The stated issue on this review is whether the trial court abused its discretion in granting summary judgment, based upon "admissions" which resulted from the defendants' failure to respond to requests for admission.

It should first be noted that summary judgment can be based upon a party's failure to respond to a request for admission. As we held in the recent case of *Schmid v. Olsen,* 111 Wis. 2d 228, 236, 330 N.W.2d 547 (1983), a request can seek an admission which would be dispositive of the entire case. The Judicial Council Committee's Note, 1974, explains that sec. 804.11, the current statute, unlike the former 889.22, provides that "the request need not be limited to 'fact or facts,' but may seek, when appropriate, opinions of facts or of the application of law to fact."

The language of sec. 804.11 was adopted from Federal Rule of Civil Procedure 36 (1970). Section 802.08(2), Stats., like the corresponding federal rule (Rule 56(c)), provides that summary judgment is appropriate if:

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Federal courts have considered the question of the proper interplay between the summary judgment statute and the request for admission statute and have held that sum-

mary judgment based upon a party's untimely or incomplete response to a request for admission can be appropriate, since the party is deemed to have in effect admitted all material facts contained therein, even though he may have denied them in his pleadings. *Shapiro, Bernstein & Co., Inc. v. "Log Cabin Club Ass'n,"* 365 F. Supp. 325, 327 (N.D. W. Va. 1973) ; *Chess Music, Inc. v. Tadych,* 467 F. Supp. 819 (E.D. Wis. 1979). We agree with the courts below that although summary judgment is a drastic remedy, the mandatory language of sec. 804.11(2) can foreclose all pertinent issues of fact on a motion for summary judgment.

Having concluded that a summary judgment can be based on an "admission" in a request for admission, we must next determine whether summary judgment was appropriate in the case before us.

We can reverse the trial court's order only if the trial court incorrectly decided a legal issue or material facts are in dispute. *Prince v. Bryant,* 87 Wis. 2d 662, 666, 275 N.W.2d 676 (1979). This court must proceed by applying the standards and methods set forth in sec. 802.08(2), Stats., just as a trial court must apply them. Thus, we must affirm the summary judgment granted in this case:

" 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500 (1980) (citing sec. 802.08(2)).

It must first be determined, from examining the moving party's affidavits and other proof, whether a *prima facie* case for summary judgment has been established. *Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis. 2d 555, 566, 278 N.W.2d 857 (1979) ; *Howard v. Village of Elm Grove,* 80 Wis. 2d 33, 40, 257 N.W.2d 850 (1977) ;

*Board of Regents v. Mussallem,* 94 Wis. 2d 657, 673, 289 N.W.2d 801 (1980). We believe that the Bank and the Kuljis defendants have met this burden. The affidavit in question refers to the "admission" whereby the Zimmers admitted having no interest of any kind in the land. Such an admission would be dispositive of the whole case and would effectively lay to rest all previously disputed factual issues.

If the moving party has made a *prima facie* case for summary judgment, an examination must then be made of the opposing parties' affidavits to determine whether there exist disputed material facts or competing inferences arising from undisputed facts. *Howard v. Village of Elm Grove,* 80 Wis. 2d at 40. Section 802.08 requires that the opposing party, to defeat the motion, must set forth facts showing that there is a genuine issue for trial. *Kraemer Bros.,* 89 Wis. 2d at 567; *Marshall v. Miles,* 54 Wis. 2d 155, 194 N.W.2d 630 (1972).

In the instant case, the Zimmers did not file any opposing affidavits, thereby leaving themselves open to the possibility that a summary judgment would be rendered against them on that basis alone. In *Board of Regents v. Mussallem,* 94 Wis. 2d at 673–74, we stated:

> "While it is the moving party's responsibility to initially establish a *prima facie* case for summary judgment, once it is established the party in opposition to the motion may not rest upon the mere allegations or denials of the pleadings, but must, by affidavits or other statutory means, set forth specific facts showing that there exists a genuine issue requiring a trial. Sec. 802.08(3), Stats. Where the party opposing summary judgment . . . fails to respond or raise an issue of material fact, the trial court is authorized to grant summary judgment pursuant to sub. (3) of sec. 802.08."

After the Kuljis defendants filed their affidavit in support of their motion for summary judgment, the Zimmers

were aware that the motion for summary judgment was based upon their failure to respond to the request for admission from Kuljis. It would have been appropriate at that time to state facts in an opposing affidavit which would show the existence of a dispute over a material fact and to state facts which would show that they should be relieved from the effect of failing to answer the request for admission. As we have previously noted, sec. 804.11(2), Stats., provides that the court may permit withdrawal of an admission when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice the party in maintaining the action on the merits. Since the Zimmers' failure to respond to the requests for admission and their failure to oppose the movants' affidavits result, in effect, in an abandonment of any claim in the land, summary judgment was appropriate.

In regard to the Zimmers' arguments concerning the timing of the motions for summary judgment and the sufficiency of the supporting affidavits, we agree with the court of appeals that these contentions must be deemed waived as untimely raised. On appeal, appellate courts will not consider issues beyond those which were properly preserved before the court below. *Goranson v. ILHR Department,* 94 Wis. 2d 537, 545, 289 N.W.2d 270 (1980). Accordingly, we conclude that the trial court properly granted both motions for summary judgment.

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. *(concurring).* I agree with the result in this case; however, I disagree with the application of *Schmid v. Olsen,* 111 Wis. 2d 228, 236, 330 N.W.2d 547 (1983). I dissented to the *Schmid* decision and still believe the court was in error in that case. However, the

admission in that case by failure to answer the demand was for a percentage of negligence which I believe is assessable only after trial and not on a review of an attorney's file. In the instant case, the matters demanded may have been dispositive of the case; however, they involved the interest of Zimmers in the property and by failing to respond, they acknowledged they had no interest "of record" and no interest whatsoever in the land. That is an entirely different situation from a litigant being asked to admit his or her percentage of negligence before the trial and when failing to respond, being held to that percentage of liability. Of course, even the majority did not believe that in *Schmid,* since it sent that case back for a new trial. In *Schmid* the petitioner may have won the legal battle but may lose the legal war.