Kris A. KETTNER, Plaintiff-Respondent,

v.

MILWAUKEE MUTUAL INSURANCE COMPANY
and Dale M. Schuessler, Defendants-
Appellants,†

FIREMAN'S FUND EMPLOYERS INSURANCE
COMPANY and Secura Insurance, formerly
known as Home Mutual Insurance Company,
Defendants.

Court of Appeals

*No. 88–0101. Submitted on briefs September 21, 1988.—
Decided September 27, 1988.*

(Also reported in 431 N.W.2d 737.)

† Petition to review denied. BABLITCH, J., took no part.

For defendants-appellants there were briefs by *Alan S. Hoff* of *Glenn & Hoff, S.C.,* Appleton.

For plaintiff-respondent there was a brief by *James R. Long,* Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Milwaukee Mutual Insurance Company appeals a decision denying its post-verdict motions to limit Kris Kettner's recovery in a personal injury case to $100,000 or for a new trial. Milwaukee Mutual contends that the trial court erred by refusing to use Kettner's pretrial admission to reduce the jury's damages award to $100,000 or, alternatively, by denying its motion for a new trial. Because we conclude that a personal injury claim's value is not subject to a request for admission under sec. 804.11, Stats., and that Kettner is not bound to his admitted claim value by the doctrine of estoppel, we affirm.

Kettner brought a claim against Dale Schuessler, Secura Insurance Company, and Milwaukee Mutual for injuries Kettner sustained when his motorcycle collided with a vehicle Schuessler was driving. As Schuessler's excess carrier, Milwaukee Mutual was only liable for damages exceeding $100,000.

Milwaukee Mutual took the position early on that it would limit its participation in discovery and might not even attend the trial. This position was apparently taken because of Milwaukee Mutual's belief that Kettner was unlikely to recover damages in excess of those covered by Schuessler's primary insurer.

In May, 1987, Milwaukee Mutual submitted a request that Kettner admit that "the value of the plaintiff's claim for injuries in this case, taking into account his own contributory negligence does not exceed $100,000.00." Kettner responded that "said statement is admitted." Following this admission, Kettner's attorney submitted an offer of settlement

agreeing to settle the case for $90,000. None of the defendants responded to this offer.

Milwaukee Mutual brought a motion for summary judgment based on the admission, but the motion was denied because it was not brought within the time provided for such motions in the scheduling order. Milwaukee Mutual's attorneys contend that they then returned the file to Milwaukee Mutual's office in reliance on Kettner's admission and did not further participate fully in the trial or its preparation.

Kettner's treating physician, Dr. Schmitz, was deposed on October 5, 1987, but Milwaukee Mutual's attorneys were given an incorrect date for the video-tape deposition and did not attend. They brought a motion on October 9, objecting to the use of the testimony at trial because they were unable to attend the deposition. The trial court allowed Milwaukee Mutual to review the deposition and make such objections as they believed appropriate. After reviewing the deposition, Milwaukee Mutual withdrew its objection.

During the course of the videotape deposition, Dr. Schmitz expressed an opinion that Kettner's permanent disability was between fifteen and twenty percent. Prior to that, and at the time the disputed $100,000 admission was made, his opinion was that Kettner's permanent disability was ten percent.

Milwaukee Mutual's counsel attended and participated in the trial. The jury awarded Kettner $227,080.05, which was reduced to $158,956.03 because Kettner was found contributorily negligent. Milwaukee Mutual then filed several motions, including a motion for a new trial and, alternatively, a motion to limit Kettner's recovery to $100,000 based

on the request for admission. The trial court denied these motions.

Milwaukee Mutual appears to be making two arguments. First, it argues that the trial court abused its discretion by refusing to grant Milwaukee Mutual's post-verdict motion to cap the verdict at $100,000 because the value of a claim is a proper subject for a sec. 804.11 request for admission.[1] Second, Milwaukee Mutual argues that Kettner waived any objection as to whether this is an appropriate subject for a request for admission because he never objected to it. We construe the waiver argument to be an attempt to limit Kettner's recovery to the value recited in the admission. Because this is essentially an estoppel argument, we treat it accordingly.

Section 804.11 permits a request for admission that would be dispositive of the entire case, including

[1] Section 804.11 provides:

(1) Request for admission. (a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of s. 804.01(2) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

. . . .

(2) Effect of admission. Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to s. 802.11 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

requests for "ultimate facts." *Schmid v. Olsen,* 111 Wis. 2d 228, 236, 330 N.W.2d 547, 551 (1983). Therefore, Milwaukee Mutual is correct insofar as it asserts that the proper subjects for requests for an admission have been expanded by the adoption of sec. 804.11. However, neither *Schmid* nor *Bank of Two Rivers v. Zimmer,* 112 Wis. 2d 624, 334 N.W.2d 230 (1983), address the issue of whether a request for an admission can be used to establish the value of a claim.

We conclude that while certain components of a claim, such as past or future medical bills or lost wages are proper subjects for a sec. 804.11 request for admission, the claim's total value, including disability and pain and suffering, is not. There are several reasons for this conclusion. First, the legislature has already adopted a statute designed to facilitate the negotiation and settlement of claims. Section 807.01, Stats., provides a mechanism through which parties can make offers of settlement or judgment and recover costs and interest if the serving party ultimately does better at trial than it would have done had the offer been accepted.

Allowing a request for an admission as to the value of a claim would defeat the policy that favors settlement of claims by providing a means to evade sec. 807.01. While an accepted offer of settlement ends a case between the involved parties, a request for admissions like the one here does not. The case still proceeds to trial, the nature of which is not changed by the admission. The admission does not expedite the trial, nor does it solve any evidentiary problems. Additionally, only the party admitting the claim's value would be bound by the admission.

The purpose of sec. 807.01 is to encourage settlement. *Sachsenmaier v. Mittlestadt,* 145 Wis. 2d 781, 791, 429 N.W.2d 532, 536 (Ct. App. 1988). This purpose would be undercut if claim values were an appropriate subject for a sec. 804.11 request for admission. We must construe statutes on the same subject matter in a manner that harmonizes them so as to give each one full force and effect. *Glinski v. Sheldon,* 88 Wis. 2d 509, 519, 276 N.W.2d 815, 820 (1979). Furthermore, because the legislature has provided a specific means for dealing with the value of a claim, the more general provisions found in sec. 804.11 should not govern the settlement of claims and their values. *See Ballenger v. Door County,* 131 Wis. 2d 422, 433, 388 N.W.2d 624, 630 (Ct. App. 1986).

Perhaps the more significant problem in using a request for admission for this purpose is the difficulty in naming the precise value of a claim months or years before the case actually goes to trial. Section 804.11 speaks in terms of admitting the "truth" of various matters. Therefore, certain aspects of a damage claim that are capable of determination and fixed in time are subject to a request for admission. But the value of a claim for pain and suffering and disability is inherently variable, especially when a long period of time elapses between submission of the request and the trial. While it is true that the admitting party can later make a motion to amend or withdraw an admission, the trial court's ability to grant such relief is limited if the requester would be prejudiced as a result. *See Schmid,* 111 Wis. 2d at 239, 330 N.W.2d at 553.

The facts of this case demonstrate this problem particularly well. The admission was made in June.

Prior to the trial in October, Kettner's treating physician changed his opinion as to the extent of Kettner's permanent disability. Had Kettner's attorney known this at the time of the admission, it presumably would have affected his opinion as to the claim's value.

If claim value were a proper subject for a request for admission, the trial court could have denied Kettner the right to change or withdraw his answer if to do so would have prejudiced Milwaukee Mutual. Kettner could thus have been deprived of the benefit of his expert's revised opinion. Because demands for admissions may be made so early in a case, it would be almost impossible for counsel to accurately respond to a requested admission as to a claim's value without jeopardizing his or her case.

Milwaukee Mutual argues that *Schmid* and *Bank of Two Rivers* control here. We disagree. In *Schmid,* the plaintiff requested the defendant to admit that she was seventy percent causally negligent in a car-motorcycle accident in which the plaintiff was injured. The supreme court recognized that this could be a proper subject for a request for admission. In *Bank of Two Rivers,* the court held that a request to admit that a party in a land dispute had no interest "of record" in a piece of land was allowable under sec. 804.11.

Both cases involved application of a legal concept to a set of facts, which are fixed in time and susceptible to valuation. In addition, these requests were made by the party who had the burden of proving the fact subject to the request for admission. The same is not true here. While *Schmid* and *Bank of Two Rivers* involved "ultimate facts" whose truth could be acknowledged, the value of a claim is inherently vari-

able, being based on a series of factors that constantly change prior to and during the trial.

The use of requests for admissions as to claim value intrudes into an area specifically provided by the legislature, presents a potential for abuse by penalizing a party for failing to accurately predict the jury answer to the damage question, and is inconsistent with the orderly settlement or trial of personal injury claims. We conclude that the total value of a personal injury claim is not a matter that a party can truthfully admit or deny under sec. 804.11. Therefore, the trial court did not abuse its discretion by denying Milwaukee Mutual's motions.

Milwaukee Mutual also argues that even though the claim's value may not be a proper subject for admission, it relief upon this admission to its detriment and, therefore, Kettner should be bound by it. For estoppel to bind Kettner to the admission, there must be conduct by Kettner that induced Milwaukee Mutual to reasonably rely on that conduct to its detriment. *See Amtronix Industries, Ltd. v. LIRC,* 115 Wis. 2d 108, 116, 339 N.W.2d 802, 806 (Ct. App. 1983). We reject this argument because Kettner's admission did not induce reliance by Milwaukee Mutual, nor would such reliance have been reasonable.

While Milwaukee Mutual's attorneys contend that they relied upon the admission and returned the file to their home office, the record discloses that they participated in discovery and the trial. For example, although they objected to the use of the videotape deposition taken in their absence, they withdrew the objection after reviewing the deposition. To the extent that Milwaukee Mutual failed to fully participate in

the case, this failure was a result of its belief, expressed to Kettner's attorney early on in the matter, that their excess coverage would probably not be triggered here. To the extent that Milwaukee Mutual continued to participate in the proceedings after the admission, it did not rely on the admission.

The trial court denied Milwaukee Mutual's motions because it concluded that Milwaukee Mutual took no further action to limit Kettner's recovery prior to the trial. Any reliance by Milwaukee Mutual would therefore not have been reasonable. A motion for summary judgment was not filed in a timely fashion, nor was a motion in limine or other relief sought from the trial court either at the time the admission was received or before the case went to the jury. Kettner's attorney stated in an affidavit before the trial that he did not believe the admission could limit his client's recovery. The trial court found that although there was a variety of alternatives available, Milwaukee Mutual did nothing to enforce the admission until after the jury returned a verdict. The court's conclusion that any reliance on the part of Milwaukee Mutual was not reasonable because of its failure to properly limit the amount of Kettner's recovery prior to trial is a sufficient basis for the trial court to deny Milwaukee Mutual's post-verdict motions.

*By the Court.*—Judgment affirmed.

CANE, P.J. (*concurring*) I concur with the result, but for a different reason. I would conclude that because Milwaukee Mutual worded its request for Kettner to admit or deny that the value of his claim "*does not exceed* $100,000" (emphasis supplied), the request was not for a statement or opinion of fact as

contemplated under sec. 804.11, Stats. It therefore becomes unnecessary to address the issue of whether a request for an admission can be used to establish the value of a case.

The purpose of sec. 804.11 is to provide a procedure for obtaining from a party to the case admissions of fact and other items of proof over which there is no dispute and that can be costly and time-consuming to prove at trial. Asking a party to admit or deny whether his damages *exceed* $100,000 is not an evidentiary "fact" that a party has to prove at trial. All it concludes is that the damages are somewhere between $0 and $100,000. That may be a "fact" in the abstract sense, but certainly not as contemplated under sec. 804.11. Nor would I accept the argument that this was a "fact" because it was important to Milwaukee Mutual in terms of whether their excess coverage would apply. The request was simply too broad. Obviously, the admission could not be offered or accepted to establish any particular evidentiary fact at trial, other than a vague and indefinite conclusion as to a range of damages. As worded, the request was entirely meaningless.