DENNIS E. KENEALY, Corporation Counsel Ozaukee County
You ask whether, in light of the amendments to section 17.03
(4), Stats., contained in 1989 Wisconsin Act 241, county residency is still required of deputy sheriffs at the time of their appointment in those counties that have imposed no local residency requirement.
In my opinion, the answer is yes only with respect to an undersheriff or deputy sheriff appointed pursuant to section59.21(1).
Section 59.21 provides in part:
 Sheriff; undersheriff; deputies. (1) Within 10 days after entering upon the duties of his office the sheriff shall appoint some proper person, resident of his county, undersheriff . . . and within such time the sheriff shall appoint deputy sheriffs for his county as follows:
 (a) One for each city and village therein having one thousand or more inhabitants.
 (b) One for each assembly district therein, except the district in which the undersheriff resides, which contains an incorporated village having less than one thousand inhabitants and does not contain a city or incorporated village having more than one thousand inhabitants.
 (c) Each deputy shall reside in the city or village for which he is appointed, or if appointed for an assembly district, shall reside in the village in such district. *Page 120 
 (2) He may appoint as many other deputies as he may deem proper.
 (3) He may fill vacancies in the office of any such appointee, and may appoint a person to take the place of any undersheriff or deputy who becomes incapable of executing the duties of his office.
 (4) A person appointed undersheriff or deputy for a regular term or to fill a vacancy or otherwise shall hold office during the pleasure of the sheriff.
 (5) The sheriff or his undersheriff may also depute in writing other persons to do particular acts.
. . . .
 (8)(a) In any county having a population of less than 500,000, the county board, by ordinance, may fix the number of deputy sheriffs to be appointed in that county at not less than that number required by sub. (1)(a) and (b) and may set the salary of those deputies. The county board may provide by ordinance that deputy sheriff positions be filled by appointment by the sheriff from a list of all persons with the 3 highest scores for each position based on a competitive examination of persons residing in this state for at least one full year prior to the date of such examination.
Section 17.03, as amended by 1989 Wisconsin Act 241, provides in part:
 Vacancies, how caused. Except as otherwise provided, a public office is vacant when:
(1) The incumbent dies.
(2) The incumbent resigns.
(3) The incumbent is removed.
(4) The incumbent ceases to be a resident of:
(a) This state; or
. . . . *Page 121 
 (d) If the office is local and appointive, and residency is a local requirement the county, city, village, town, district or area within which the duties of the office are required to be discharged.
State residency is required of all deputy sheriffs by virtue of section 17.03(4)(a). State residency is also required of applicants for the position of deputy sheriff under the competitive examination process authorized by section 59.21
(8)(a).
Prior attorney general opinions have consistently indicated that local residency is also required of deputy sheriffs. See 66 Op. Att'y Gen. 315 (1977); 62 Op. Att'y Gen. 250 (1973); and 45 Op. Att'y Gen. 267 (1956). Each of those opinions was based in part upon prior versions of section 17.03(4) which provided that any local public office was vacated whenever the incumbent ceased to be a resident of the municipality within which he or she was appointed or elected. With the passage of 1989 Wisconsin Act 241, that requirement remains only with respect to elected offices. Local appointive public offices are now automatically vacated only when "residency is a local requirement." Sec. 17.03(4)(d), Stats. Prior opinions indicating that state law contains a residency requirement for all local public offices are therefore no longer applicable, since section 17.03(4)(d) now applies only when a county has imposed a residency requirement for the office of undersheriff or deputy sheriff.
Specific statutes containing residency requirements for deputy sheriffs are controlling over general statutes such as section17.03(4)(d), but all statutes should be "harmonize[d] . . . so as to give each one full force and effect" when it is possible to do so. Kettner v. Milwaukee Mut. Ins., 146 Wis.2d 636, 642,431 N.W.2d 737 (Ct.App. 1988). Despite the provisions of section17.03(4)(d), under section 59.21(1), an undersheriff still must be a "resident of his [the sheriff's] county" and each deputy appointed under that statute must "reside in the city or village *Page 122 
for which he is appointed, or if appointed for an assembly district, shall reside in the village in such district." Sec.59.21(1)(c), Stats. Since the Legislature did not alter the residency requirements contained in section 59.21(1), they still must be satisfied.
An undersheriff or deputy sheriff who violates a residency requirement contained in section 59.21(1) no longer automatically vacates office under section 17.03(4)(d), but still does automatically vacate office under that statute if he or she violates a residency requirement imposed by the county. An undersheriff or deputy sheriff subject to a residency requirement contained in section 59.21(1) "hold[s] office during the pleasure of the sheriff." Sec. 59.21(4), Stats. That terminology means that the sheriff may remove such an undersheriff or deputy for any reason except an unlawful reason. 72 Op. Att'y Gen. 161, 166 (1983).[1] In addition, an undersheriff or deputy sheriff who violates a residency requirement contained in section 59.21
(1) may also be removed from office in a quo warranto action commenced by an affected citizen or by the attorney general pursuant to chapter 784. See, e.g, Henning v. Waterford, 78 Wis.2d 181,253 N.W.2d 893 (1977).
The legislative history concerning the recent amendments to section 17.03 suggests that the intent of those amendments was to reverse the result reached in Wellnitz v. Wauwatosa Fire/Police,151 Wis.2d 306, 444 N.W.2d 412 (Ct.App. 1989). While that result has been accomplished, I am taking this opportunity to invite the Legislature to review the provisions of section 59.21, since that statute contains residency requirements for deputies appointed under some provisions, but not others. The one-year durational residency requirement contained in section 59.21
(8)(a) for individuals desiring to take the civil service examination is also in need of review, since a similar *Page 123 
requirement has, in at least one instance, been subjected to successful constitutional attack. See Grace v. City of Detroit,760 F. Supp. 646 (E.D. Mich. 1991).
I, therefore, conclude that in counties that have imposed no local residency requirement, only deputy sheriffs or undersheriffs appointed pursuant to section 59.21(1) are required to be county residents at the time of appointment.
JED:FTC
[1] Whether municipal ordinances or collective bargaining agreements may impose a more stringent removal standard is an issue not raised in your request. *Page 124