COURT OF APPEALS
DECISION
DATED AND FILED

October 12, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1244**

Cir. Ct. No. **2020CV492**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

MECUM AUCTION INC.,

PLAINTIFF-RESPONDENT,

V.

ONE 1978 MOTO GUZZI LEMANS ID 16566, ONE 2001 DUCATI MH 900E ID ZDMV300AA1B001002, ONE 1976 MV AUGUSTA 750 S AMERICA ID 2210494, ONE 1952 NIMBUS 750 ID 10365 AND ONE 1954 NIMBUS 750 ID 12495,

DEFENDANTS,

EJNAR KRISTIANSEN,

INTERVENOR-APPELLANT.

---

APPEAL from an order of the circuit court for Walworth County: DAVID M. REDDY, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Ejnar Kristiansen appeals from an order of the circuit court.  He claims the court erred in granting Mecum Auction Inc. summary judgment, declaring Mecum the owner of several motorcycles and quieting title to the motorcycles in Mecum.  We affirm.

## Background

¶2      Mecum hosts vehicle auctions throughout the United States at which it sells vehicles on consignment.  In September 2019, Kristiansen, a citizen of Denmark, arranged for Mecum to auction five motorcycles at an event it was hosting in Las Vegas, Nevada, from January 21, 2020, through January 26, 2020, and the motorcycles were transported to Las Vegas for that purpose.  The motorcycles "sold" at the auction, but because Mecum had received no titles for the motorcycles from Kristiansen, title could not transfer to the purchasers, and the sales ultimately could not be consummated.

¶3      Mecum transported the motorcycles to its storage facility in Walworth County where they have remained since, and it eventually filed this declaratory judgment action and bill to quiet title to the motorcycles.  Specifically, Mecum sought an order quieting title to the motorcycles in Mecum and declaring it their sole owner or, alternatively, if Kristiansen could establish his ownership of the motorcycles, Mecum sought an order declaring him their sole owner and quieting title in him conditioned upon him paying Mecum for the "damages suffered by Mecum," such as storage and other costs, "as a result of Kristiansen's failure to establish his alleged ownership *bona fides* to date."

¶4 In its complaint, Mecum alleged that "on January 24, 2020—the day before the Motorcycles were set to be presented for Auction sale, Kristiansen had failed to produce a certificate of title to any of the Motorcycles." In his answer, Kristiansen admitted that certificates of title had not been provided.

¶5 As part of the litigation that followed, on February 24, 2021, Mecum served Kristiansen with requests for admission. Mecum specifically requested that Kristiansen "[a]dmit that You are not the Owner" of each of the five specifically identified motorcycles at issue in this case. The requests for admission also requested, inter alia, that Kristiansen admit that "when you consigned the Motorcycles for Auction, You were not acting as an authorized agent for the Owner of any Motorcycle"; "You do not currently possess a certificate of title that identifies You, by name, as the Owner of any Motorcycle"; "You do not currently possess a certificate of title that identifies any entity owned or controlled by You, by name, as the Owner of any Motorcycle"; "You never possessed a certificate of title that identifies You, by name, as the Owner of any Motorcycle"; "You never possessed a certificate of title that identifies any entity owned or controlled by You, by name, as the Owner of any Motorcycle"; "You never provided Mecum with a certificate of title that identified You as the Owner of any Motorcycle named as a Defendant in the Complaint"; and "You never provided Mecum with a certificate of title that identified any entity owned or controlled by You as the Owner of any Motorcycle named as a Defendant in the Complaint."

¶6 On March, 19, 2021, Kristiansen filed with the court an *unsigned* document entitled "Third-Party Defendant, Ejnar Kristiansen's Answers to Plaintiff, Mecum Auction Inc.'s First Set of Requests for Admissions," which includes statements proclaiming that Kristiansen is the owner of the motorcycles. (Some capitalization altered; bolding omitted.) The "answers" were accompanied

by related documents. That same day, Mecum served Kristiansen with a letter, which it also filed with the circuit court, informing him that his "answers" to Mecum's requests for admissions were "defective because they are not personally signed by you" as required "for Responses to Requests for Admission under Wis. Stat. § 804.11(1)(b)." The deadline for Kristiansen to submit *signed* responses to the requests for admissions passed without Kristiansen submitting any signed responses. Mecum subsequently moved for summary judgment, and in doing so, again informed Kristiansen that his "answers" were defective due to not being signed. Despite that additional notice and warning from Mecum, Kristiansen never submitted signed answers to Mecum's requests for admission. The circuit court ultimately granted Mecum summary judgment, declaring it the owner of the motorcycles and quieting title in Mecum. Kristiansen appeals.

### *Discussion*

¶7 Our review of a circuit court's decision on summary judgment is de novo. *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶11, 318 Wis. 2d 622, 768 N.W.2d 568. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

¶8 With regard to requests for admissions like Mecum's requests to Kristiansen in this case, WIS. STAT. § 804.11(1)(b) (2019-20)[1] specifies that "[t]he matter *is admitted* unless, within 30 days after service of the request … the party to whom the request is directed serves upon the party requesting the admission a

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

written answer or objection addressed to the matter, *signed* by the party or attorney …." (Emphasis added.) Section 804.11(2) adds that "[a]ny matter admitted under this section is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission." (Emphasis added.) That subsection also provides the circumstances under which a circuit court may permit withdrawal or amendment of an admission.

¶9 In response to Mecum's requests for admissions, Kristiansen filed with the court an *unsigned* document entitled "Third-Party Defendant, Ejnar Kristiansen's Answers to Plaintiff, Mecum Auction Inc.'s First Set of Requests for Admissions." (Some capitalization altered; bolding omitted.) Although Mecum immediately sent Kristiansen a letter referencing the relevant statute and pointing out the fact that he had failed to sign the document, Kristiansen nonetheless did not submit signed answers prior to the deadline for submitting them. Then, after the deadline had passed, Mecum again brought the issue to Kristiansen's attention in its summary judgment brief. Kristiansen still never provided signed answers.

¶10 Consistent with the plain language of WIS. STAT. § 804.11(1)(b) and (2), all of Mecum's requests to admit were "admitted" by Kristiansen, and the matters therein were "conclusively established."[2] *See, e.g.*, ***Mucek v. Nationwide Commc'ns, Inc.***, 2002 WI App 60, ¶46, 252 Wis. 2d 426, 643 N.W.2d 98 ("By failing to timely respond to the request for admissions, NCI admitted that it commenced the Michigan lawsuit with full knowledge of the contract actually

---

[2] Kristiansen did not move the circuit court to permit "withdrawal or amendment of the admission" pursuant to WIS. STAT. § 804.11(2). Additionally, Mecum points out that Kristiansen did not file any affidavits attesting to his claim of ownership.

signed by Mucek, that doing so constituted an intentional disregard for Mucek's rights, that it commenced the lawsuit for the purpose of maliciously harassing and intimidating Mucek into continuing to use NCI's services, and that its worth was $4,664,296.00."); *see also **Bank of Two Rivers v. Zimmer***, 112 Wis. 2d 624, 630-31, 334 N.W.2d 230 (1983) (stating that "the mandatory language of section 804.11(2), can foreclose all pertinent issues of fact on a motion for summary judgment" and observing that federal courts "have held that summary judgment based upon a party's untimely or incomplete response to a request for admission can be appropriate, since the party is deemed to have in effect admitted all material facts contained therein, even though he may have denied them in his pleadings"). As a result, the circuit court did not err in determining that it could not declare Kristiansen the owner of the motorcycles.

¶11 This of course does not end our review as we must also consider whether the circuit court properly declared *Mecum* the owner of the motorcycles. For this, we look to relevant case law.

¶12 In ***State v. One 2013, Toyota Corolla/s/le***, 2015 WI App 84, 365 Wis. 2d 582, 872 N.W.2d 98, we reiterated that in determining whether a person is an "owner" of a vehicle, we consider the relevant factors of "possession, title, control and financial stake." ***Id.***, ¶6 (citing ***State v. Kirch***, 222 Wis. 2d 598, 605-07, 587 N.W.2d 919 (Ct. App. 1998)). Considering those factors here, we

conclude that they support the circuit court's declaration that Mecum is the owner of the motorcycles.[3]

¶13 The record indicates that Kristiansen had the motorcycles transported to Mecum in Las Vegas in November 2019. Following the auction, Mecum transported them to its storage facility in Walworth County, Wisconsin, and they have remained in Mecum's possession and control ever since. As to title, while Mecum is not currently titled as an owner of the motorcycles, apparently no one else is either. Lastly, as to financial stake, while Mecum did not purchase the motorcycles, the record indicates it has incurred costs and lost sales opportunities in connection with them and will continue to incur storage costs, with no end in sight. For these reasons, we affirm the circuit court's order declaring Mecum the owner of the motorcycles and quieting title in Mecum.[4]

---

[3] In his appellate briefing, Kristiansen points to various documents as providing factual support for his ownership of the motorcycles. The circuit court struck from the record many of the documents Kristiansen relies upon, either due to them being filed only one day before the summary judgment hearing, in contravention of scheduling requirements, or due to them being included with the unsigned "answers" that Kristiansen filed in March 2021. We have already pointed out that Kristiansen's "answers" did not meet the requirement of WIS. STAT. § 804.11(1)(b) that they be signed. Other than arguments related to his unsigned "answers," Kristiansen develops no argument that the circuit court erred in striking the documents. *See ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ("This court will not address undeveloped arguments.").

[4] Kristiansen argues that Mecum "cannot claim title to [the motorcycles] as bailee or consignee." Because he raises these arguments for the first time on appeal, we do not consider them. *Brooks v. Hayes*, 133 Wis. 2d 228, 241, 395 N.W.2d 167 (1986) ("The general rule is that this court will not consider arguments raised for the first time on appeal or review."). Moreover, we point out that it is not by virtue of any legal status as a consignee or bailee that Mecum is declared to be the owner of the motorcycles but by virtue of the balance of the four *State v. One 2013, Toyota Corolla/s/le*, 2015 WI App 84, ¶6, 365 Wis. 2d 582, 872 N.W.2d 98, factors discussed herein.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.